**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NARENDRA CHAND,

       Petitioner,

      v.                                        No. CV 12-1044 MCA/WPL

ERASMO BRAVO, WARDEN,
STATE OF NEW MEXICO,

       Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rules 4, 11 of the Rules Governing Section 2254 Cases, for preliminary consideration of Petitioner's Motion for Relief from State Judgement and Sentence Order of April 29, 2011 Pursuant to Rule 60(b)(6) (the "60(b) motion").  Also before the Court is Petitioner's Application to Proceed In Forma Pauperis (the "IFP motion").  The Court will grant the IFP motion and will dismiss the 60(b) motion.

In a previous proceeding under 28 U.S.C. § 2254, *Chand v. Romero*, No. CV 06-0444 RB/RHS, Petitioner attacked the same state court criminal conviction that is the ultimate object of this proceeding.  *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that a court may take judicial notice of its own records).  In the earlier proceeding, the Court dismissed Petitioner's original habeas corpus petition (Docs. 36, 37), and the Court of Appeals for the Tenth Circuit twice denied him authorization to file a second or successive petition (Docs. 40, 41).  This Court then dismissed Petitioner's motion for relief from its original judgment (Doc. 46) and the Court of Appeals for the Tenth Circuit dismissed his appeal (Doc. 58).  In total, Petitioner initiated five unsuccessful proceedings in that case.

Petitioner characterizes his 60(b) motion as seeking relief from a state court judgment and

sentence of April 29, 2011, although he does not allege that a new judgment of criminal conviction was entered.  He alleges that, after his § 2254 claims were dismissed, he filed a second state court habeas petition in 2008.  The state court dismissed the petition, and Petitioner contends that the dismissal resulted from the state judge's bias.  Petitioner then filed motions for production of audio tapes, which were ultimately denied by the New Mexico Supreme Court's denial of certiorari on September 29, 2012.  For relief here, Petitioner asks the Court to review the state district court's criminal proceedings, including the denial of his 2008 habeas corpus petition and related motions, and, if bias is found, to vacate the state court criminal proceedings.

Plaintiff's claims amount to a second or successive § 2254 petition.  Even assuming that Petitioner can challenge another court's ruling in a rule 60(b)(6) motion, "[a] 60(b) argument should be treated as a second or successive § 2254 claim 'if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.' "  *Chand v. Romero*, No. 12-2027, 2012 WL 2108234, at *1 (10th Cir. June 12, 2012) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).  "A 60(b) argument should not be treated as a successive § 2254 claim if it 'challenges a defect in the integrity of the <u>federal</u> habeas proceeding.' "  *Chand*, 2012 WL 2108234, at *1 (quoting *Spitznas*, 464 F.3d at 1216) (emphasis added).  Here, Petitioner challenges state court criminal rulings, and his only avenue for relief is under § 2254.  *See Woodruff v. Everett*, 43 F. App'x 244, 245 (10th Cir. 2002).

As noted above, Petitioner has filed a prior § 2254 petition.  "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of

jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631.  The current 60(b) motion is Petitioner's sixth attempt to attack his state conviction and is not accompanied by an authorizing order.  Therefore, according to the factors in *Cline*, the Court will dismiss Petitioner's motion for lack of jurisdiction.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Petitioner has failed to make a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's Motion for Relief from State Judgement and Sentence Order of April 29, 2011 Pursuant to Rule 60(b)(6) is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED; and judgment will be entered.

UNITED STATES DISTRICT JUDGE